IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE D. HINDI and RICHARD LOCKE,
in their individual and official capacities as
employees of THE CITY OF ALBUQUERQUE,,

       Plaintiffs
       Counter-Defendants,

vs.                                                                                                                   CIVIL NO. 02-1316 RLP/LFG

LINDA WEYENETH,

       Defendant
       Counter-Plaintiff,

vs.

THE CITY OF ALBUQUERQUE,

       Third-Party Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS PLAINTIFFS
### STEVE HINDI AND RICHARD LOCKE'S CLAIMS

THIS MATTER having come before the Court on the Defendants/Third-Party Plaintiff's Motion to Dismiss Plaintiffs Steve Hindi and Richard Locke's Claims **(Docket No. 16)**, the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is not well taken and will be **DENIED.**

### BACKGROUND

On July 25, 2002, Plaintiffs Steve D. Hindi and Richard Locke filed a Complaint for

Damages for *Prima Facia [sic]* Tort in the Second Judicial District Court, County of Bernalillo, State of New Mexico.  On September 25, 2002, Defendant, Linda Weyeneth answered Plaintiffs' complaint and asserted multiple counter-claims against Plaintiffs including excessive force claims and a supervisory liability claim against the City of Albuquerque.  This matter was removed to this Court on October 21, 2002 based upon federal question jurisdiction.  See 28 U.S.C. §§ 1441 et. seq.

## DISCUSSION

There is a single legal issue before the Court.  Plaintiffs' sole cause of action against Defendant is the claim that Defendant committed a *prima facie* tort against them following her arrest for DWI.[1]  Defendant claims the complaint fails to state a claim for relief and moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).  Pursuant to this rule, the Court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor and views the pleading in the light most favorable to the non-moving party.  See *Albright v. Oliver,* 510 U.S. 266, 267 (1994).

The cause of action referred to as *prima facie* tort is recognized in New Mexico. *Schmitz v. Smentowski,* 109 N.M. 386, 398 (1990).  It is an odd cause of action with very limited applicability.  *Lexington Ins. Co. v. Rummel,* 123 N.M. 774, 777 (1997). According to the New Mexico Supreme Court, a *prima facie* tort contains the following elements:

(1)    an intentional or lawful act;

---

[1] Plaintiffs concede in their response brief that they have ". . . sought only one cause of action. . .", namely *prima facie* tort.  This is so even though the complaint is organized into two counts.

      (2)      the act is done with the intent to injure the plaintiff;

      (3)      the plaintiff is injured by the act; and

      (4)      there is no justification for defendant's act.

*Id.*

Plaintiffs allege the lawful act that caused them injury was Defendant's behavior during the course of the arrest process. (spitting on the officers and foul language) and contacting Plaintiffs' supervisors and complaining about alleged excessive force following the arrest. Although Defendant's acts during the course of her arrest may very well be described as "beyond the pale," these acts do not qualify as lawful acts under a *prima facie* tort cause of action. If anything, the acts Plaintiffs' complain during the arrest process would constitute an assault and/or battery and, therefore, would not qualify as a *prima facie* tort.[2] Hence, Defendant contacting Plaintiffs' supervisors in the post-arrest timeframe constitutes the requisite lawful act under the *prima facie* tort theory.

Having identified the requisite "lawful act", the remaining elements of the *prima facie* tort cause of action must be identified in the complaint. On the second and final page of Plaintiffs' complaint, Plaintiffs' allege the final three elements. Plaintiffs' allege the lawful act was accomplished maliciously, without justification and caused Plaintiffs' injuries. The cause of action of *prima facie* tort has been adequately set forth in the complaint. Rule 12(b)(6) erects a powerful presumption against dismissing pleadings for failing to state claims for relief. See *Maez v. Mountain States Tel. & Tel., Inc.,* 54

---

[2]Plaintiffs are not making a claim for assault and battery.

F.3d 1488, 1496 (10th Cir. 1995).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Plaintiff Steve Hindi and Richard Locke's Claims is **DENIED.**

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by Designation

Rudolph B. Chavez, Esquire - Attorney of Plaintiffs
Kathryn Levy, Esquire - Attorney for Plaintiffs
Hope Eckert, Esquire - Attorney for Defendants
Linda M. Vanzi, Esquire - Attorney for Defendants